In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of Zefita, Countess de Rohan-Chabot.

The Comptroller of the City of New York, Appellant and Respondent.

Jennie McLane, Respondent and Appellant.

1. Transfer Tax — Remainder to Residuary Legatee of Remainderman. A bequest for life to testator's mother with remainder to his sister, upon the death of the mother, vests the entire estate, legal and equitable, in the remainderman, and a residuary legatee of the sister takes the remainder subject to the transfer tax.

2. Remainder Passing to Residuary Legatee of Appointee. A bequest to testator's widow for life with remainder to his son and daughter subject to a power of appointment by the widow, who exercises it in favor of the daughter by a will admitted to probate the same day the daughter dies, vests in the daughter upon the death of the father, passes under the will of the former to her residuary legatee and is subject to the transfer tax.

3. Interest of Residuary Legatee Prior to Accounting by Executor. Where it appears that there has been no settlement of the executor's accounts under the will of the mother, and consequently the amount of the residuary estate, if any, is unascertained, the amount to which the daughter was entitled as residuary legatee is not subject to the transfer tax.

*Matter of Chabot*, 44 App. Div. 340, affirmed.

(Argued April 15, 1901; decided June 4, 1901.)

CROSS-APPEALS from an order of the Appellate Division of
the Supreme Court in the first judicial department, entered
January 3, 1900, which modified and affirmed as modified
an order of the surrogate of New York county modifying an
order assessing the value of and fixing the transfer tax upon
the estate of Zefita, Countess de Rohan-Chabot, deceased.

The facts, so far as material, are stated in the opinion.

*William E. Kisselburgh, Jr.*, and *C. H. Bennett* for comp-
troller of the city of New York, appellant and respondent.
The property embraced in the groups derived from Frank
and Henry passed immediately and absolutely to Zefita upon
the death of Zefa.  (4 Kent's Comm. 328 ; 18 Am. & Eng.
Ency. of Law, 925 ; 2 R. S. ch. 1, § 41 ; 2 Black. Comm. 168 ;
*Doolittle* v. *Lewis*, 7 Johns. Ch. 42 ; *Roach* v. *Wadham*, 6
East, 289 ; *Jackson* v. *Davenport*, 20 Johns. 537 ; *Wimple* v.
*Fonda*, 2 Johns. 288 ; *Vanderheyden* v. *Crandall*, 2 Den.
18 ; *Covenhoven* v. *Shuler*, 2 Paige, 122 ; *Spear* v. *Tinkham*,
2 Barb. Ch. 212.)  The estate of Zefa Heyward, bequeathed
to Countess de Rohan-Chabot, is taxable.  (*People ex rel.* v.
*Comrs. of Taxes*, 82 N. Y. 464.)

*Paul Fuller* and *John P. Murray* for Jennie McLane,
respondent and appellant.  The statute contemplates that
there shall be but one transfer tax betwee― the time of the
death of the decedent and the actual receipt of the property
by the beneficiary.  (*Matter of Gould*, 156 N. Y. 423 ;
*Knowlton* v. *Moore*, 178 U. S. 41 ; *Matter of Phipps*, 77
Hun, 325 ; *Matter of Bronson*, 150 N. Y. 1.)

BARTLETT, J.  These are cross-appeals.  The comptroller of
the city of New York appeals from so much of the order of
the Appellate Division as affirmed the part of the surrogate's
order relieving from taxation that portion of the decedent's
estate as came to her under the will of her mother, Zefa Hey-
ward.  Jennie McLean, the residuary legatee under the will
of the countess, appeals from so much of the order as modi-

36

fies the order of the surrogate, the latter holding that the entire personal estate was not taxable.    The taxation of the real estate is not involved in these appeals.

Henry Heyward, the father of the countess, died in the year 1874, a resident of the city of New York, and possessed of a considerable estate.    He left a will which was duly probated in the county of New York, whereby he appointed his wife, Zefa, his son Frank and his daughter Zefita, afterward the countess, executors.    He directed that his property, after the payment of debts and a certain legacy, be divided into three equal shares, only one of which is involved in this proceeding.    He bequeathed to his wife the one-third share in controversy here, for life, or during the time that she should remain his widow; the remainder he gave to his son and daughter.    He vested in his widow the power to appoint said remainders to such of his lineal descendants as she, by her will, might direct.    The wife alone qualified as executrix, and prior to the year 1880 she had distributed the estate and received her final discharge.    The son died in the year 1879, sixteen years before the decease of his mother, who died in 1895, having exercised the power of appointment in her will in favor of her daughter.

The mother's will was offered for probate in the county of New York, and, after contest, admitted to probate on the 29th day of February, 1896.    It so happened that the countess died on that day in the city of Paris, where she resided. The countess was made the residuary legatee under her mother's will.

The son, Frank, who died in the year 1879, devised and bequeathed his property to his mother for life and the remainder to his sister.

The countess, in a codicil to her will, constituted the appellant, Jennie McLean, her residuary legatee.

Mrs. Heyward, the mother, was not only, at the time of her death, in the enjoyment of the life estate left her by her husband and son, but was also possessed of a considerable amount of personal property in her own right.

The will of the countess, which was also contested, was

admitted to probate in the county of New York on the 19th day of January, 1898. Mrs. Heyward, her daughter and Miss Jennie McLean all resided in Paris, France.

The Appellate Division treated the property liable to taxation as divided into three groups — that which the mother took for life under the will of her son, the remainder passing at her death to the countess; that in which the mother was vested with an estate for life under the will of her husband, with remainder to the countess; that owned by the mother at the time of her death and passing under her will, which named the countess as residuary legatee.

The Appellate Division held that the two estates in remainder, which vested absolutely in the countess on the death of her mother under her father's and brother's wills, respectively, were taxable in passing to the appellant, Miss McLean, as residuary legatee of the countess.

It also held that the amount to which the countess was entitled as the residuary legatee under her mother's will was not taxable, it appearing that there had been no settlement of the executor's accounts under the will, and, consequently, the amount of the residuary estate, if any there should be, was unascertained. The nature of the interest of a residuary legatee prior to a final accounting of the executor was fully considered in *Matter of Phipps* (77 Hun, 325; affd. on opinion below, 143 N. Y. 641). Presiding Justice Van Brunt, in discussing the question, tersely said, as to the rights of the residuary legatee prior to the executor's accounting: "He had the right to claim the amount of money which his share of the residuary estate of Mrs. Fogg would result in, nothing more; no particular piece of property, no particular sum of money, no particular representatives of money or property. And until this residuary estate was ascertained by an accounting of the executors, the legatee might not be even able to maintain an action for its recovery. It would appear, therefore, that a tax in this proceeding has been levied upon a legacy which not only had never been realized, but the right to the possession of which had never accrued."

We are of opinion that the learned Appellate Division made a proper disposition of the case at bar as to all the interests, in view of the situation existing at the time the tax was imposed.

When the executor of Mrs. Heyward, the mother, shall have accounted and ascertained the amount of the residuary estate in his hands, it will be his duty to see that the transfer tax is adjusted and satisfied before paying over the residue to the legal representative of the countess.

It is obvious that at the time of the appraisal neither the executor under the will of the countess, nor Miss McLean as her residuary legatee, was liable to pay a tax on the amount of an unascertained claim against the estate of Mrs. Heyward.

As to the two estates in remainder under the wills, respectively, of the father and brother of the countess, the latter was vested with the title to the residue on the death of each testator, but possession and enjoyment were postponed until the falling in of the life estate, and when that event occurred the entire estate, legal and equitable, vested instantly in the remainderman. The executor of the countess, under the circumstances, was liable to pay the transfer tax before he could distribute the personal property in his hands, or to the possession of which he was immediately entitled.

The order appealed from should be affirmed, but without costs, as neither appeal is sustained.

PARKER, Ch. J., O'BRIEN, MARTIN, VANN, LANDON and CULLEN, JJ., concur.

Order affirmed.