1. TRANSFER TAX—PROPERTY OF NONRESIDENT.
   Where the will of a nonresident has been admitted to probate, and securities representing his interest in the estate of his father, who was also a nonresident, have come into the hands of his executors, the securities are subject to transfer tax, if they are in the possession of the executors at the time the transfer tax is appraised.

In the matter of the estate of Robert T. Clinch. Appeal from an order assessing a transfer tax. Modified.

Coudert Bros., for appellant.
Potter & Kellogg, for respondent.

THOMAS, S. The securities and other property representing the interest which the deceased nonresident legatee had in the estate of his father, who was also a nonresident, having since the death of the legatee come into the hands of the executors of his will, which has here been admitted to probate, such property is subject to appraisement and taxation under the transfer tax law (Laws 1896, p. 795, c. 908). In Matter of Phipps, 77 Hun, 325, 28 N. Y. Supp. 330, affirmed 143 N. Y. 644, 37 N. E. 823, and in Matter of Chabot's Estate, 44 App. Div. 340, 60 N. Y. Supp. 927, affirmed 167 N. Y. 280, 60 N. E. 598, the interest which was declared not subject

to the tax had not, at the time of the appraisement, come into the possession of the representatives of the deceased legatee, or been ascertained or determined on an accounting of the executors of the testator or otherwise, and the court held the legacy not taxable, because it regarded it as being a mere right to claim or recover what ultimately might be found, but was then not ascertained, to be the amount or share of the estate to which the legatee was entitled on account of his legacy. The decision by the Appellate Division and that of the Court of Appeals in the Chabot Matter, recognizes the distinction between the situation there considered and one like that here presented, and the judge delivering the opinion in the Court of Appeals, in which all his associates concurred, uses language plainly indicating that, if the amount of the legacy had been ascertained on an accounting in the estate from which it had been derived, that circumstance would have sufficed to subject it to the tax, although it had not been paid over or delivered to the legatee's representative. See Matter of Huber's Estate (Sup.) 83 N. Y. Supp. 772.

In the present case the property at the time of the appraisal was in this state, in the possession of the executors of the will of the legatee, which had been admitted to probate by this court, and it is, in my judgment, subject to a transfer tax. The value of the contingent remainder assessed against the sister of decedent was based upon the combined values of the realty and personalty. It should have been limited to the latter. In this respect the order must be modified, and, as modified, is affirmed.

Order modified, and, as modified, affirmed.