In the Matter of the Appraisal under the Act in Relation to Taxable Transfers of Property of the Property of EMILY M. LORD, Deceased.

FRANKLIN B. LORD and WILLIAM B. LORD, Appellants; ERASTUS C. KNIGHT, as Comptroller of the State of New York, Respondent.

First Department, February 9, 1906.

Tax Law — inheritance tax on property of non-resident — when trust funds passing under power of appointment taxable — when legacy not taxable.

When a non-resident testatrix makes a bequest of property within this State which came to her as the corpus of a trust estate of which her husband was beneficiary, and over which he had a power of disposal, the same is subject to a transfer tax under the Laws of 1887, chapter 713, and the Laws of 1891, chapter 215, then in force, because on the exercise of the power of disposal the wife's title relates back to the instrument creating the trust, and her title is absolute on the death of the beneficiary.

But property within this State which came to such non-resident testatrix as residuary legatee of her non-resident husband, whose will was not admitted to probate until after the death of said testatrix, is not property within this State under the meaning of the act aforesaid, and hence is not subject to taxation, because the right of the testatrix as such residuary legatee was not a right to any particular property, but a right only to an undetermined balance due after payment of debts and expenses of administration.

APPEAL by Franklin B. Lord and William B. Lord from so much of an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 26th day of June, 1905, as affirms an order theretofore entered in the above-entitled proceeding assessing and determining a transfer tax in respect to the property passing under the last will and testament of Emily M. Lord, deceased.

*Lucius H. Beer's*, for the appellants.

*Emmet R. Olcott*, for the respondent.

INGRAHAM, J.:

The question in this case arises under somewhat peculiar conditions. One Edward C. Lord, a resident of the State of New

Jersey, died on the 8th day of January, 1892, leaving a last will and testament which was duly admitted to probate by the proper probate court of that State. By his will he gave all of his estate real and personal to his wife, Emily M. Lord, and he also exercised the power of appointment of certain property held by trustees in favor of his wife, and appointed his wife, Emily M. Lord, also a resident of the State of New Jersey, and his nephew, Franklin B. Lord, a resident of the State of New York, executrix and executor. Before this will was admitted to probate his wife, Emily M. Lord, died a resident of the State of New Jersey, leaving a last will and testament appointing George de Forest Lord and Franklin B. Lord executors. Edward C. Lord owned no real property within this State, and as the statute at that time provided no means of assessing and collecting a tax upon property of a non-resident not owning real estate within this State the transfer of his property was not taxable. (*Matter of Embury*, 19 App. Div. 214; affd. on opinion below, 154 N. Y. 746.)

After the will of. Edward C. Lord had been admitted to probate in the State of New Jersey, the surviving executor took the property of the decedent that was within this State to the State of New Jersey. The estate of Emily M. Lord was then administered in the State of New Jersey and subsequently distributed. Thereafter in September, 1901, the Comptroller of the State of New York, alleging that the decedent was seized of personal property in the State of New York at the time of her death, applied to the surrogate to designate an appraiser to appraise the property of the decedent within this State, and this proceeding resulted in an order taxing the legatees under the last will and testament of Emily M. Lord, deceased, and from that order two of the beneficiaries appeal.

There are three separate funds involved. *First*, a trust fund created by a trust deed of March 13, 1873, the income thereof to be paid to Edward C. Lord during his life, with the power to dispose of the corpus of this fund by a last will and testament. By his last will and testament Edward C. Lord exercised this power in favor of his wife, and by this exercise of the power of appointment the title to this trust fund vested in her and passed under her will. *Second*, a trust created by the will of Susan Lord, who died in 1880, the income of which was to be paid to Edward C. Lord during his life,

with a power of appointment of the remainder after his death. This he exercised in favor of his wife, the decedent, and that property thus vested in her and passed under her will. And, *third*, the property bequeathed by Edward C. Lord to the decedent, his wife, which was subsequent to her death realized by the executor of Edward C. Lord, and the proceeds of the property paid by him to the executors of Emily M. Lord.

There is a distinction between the liability to taxation of the property acquired by the testatrix by the power of appointment contained in the will of her husband and the property that her estate received directly under her husband's will. The property that the estate of the testatrix received as the appointee of the power vested in her husband consisted of the first and second classes as before stated, and will, therefore, be considered separately from the third class of property acquired by the executors of the testatrix as property bequeathed to her by her husband. The property under the first trust created in 1873 was appraised by the appraiser at the value of $5,970, and the property constituted by the trust of Susan Lord in 1880 was appraised at $92,840.98. At the time of Edward C. Lord's death this property was held by trustees who were residents of this State, and the property was in this State. Upon the exercise of the power of appointment by Edward C. Lord the title to that property vested absolutely in his wife, her title relating back to the deed and will creating the trusts, and immediately upon the death of Edward C. Lord the title of the testatrix became absolute in the trust property. The property constituting these trust funds that was in this State at the time of her death, and which was transferred by her last will, was clearly taxable under chapter 483 of the Laws of 1885, as amended by chapter 713 of the Laws of 1887, and chapter 215 of the Laws of 1891, in force at the time of the death of the testatrix. I, therefore, agree with the court below that the property thus held by the trustee within this State as the property of the testatrix was taxable. As to the property of Edward C. Lord, which under his will passed to the decedent, and which under her will passed to her legatees, a different question is presented.

The situation in relation to this property is as follows : On the death of Edward C. Lord, on the 8th day of January, 1892, he had

in a safe deposit box in the city of New York certain securities, consisting of bonds and stock of various railroad companies, and cash on deposit in a bank in New York valued at $144,363.21. By his will Edward C. Lord gave all his property to his wife, Emily M. Lord. Before this will was admitted to probate, and on January. 18, 1892, Emily M. Lord died, leaving a last will and testament by which she left certain legacies to various individuals and corporations. After the death of Emily M. Lord the will of her husband, Edward C. Lord, was admitted to probate by the Probate Court of the State of New Jersey, and subsequently the will of Emily M. Lord was also admitted to probate by the said court, both being residents of Morristown in that State. Subsequently the executor of Edward C. Lord removed the securities of Edward C. Lord to the State of New Jersey and held the proceeds as part of the estate of Edward C. Lord. He subsequently paid to the executor of Mrs. Lord various sums of money, amounting in the aggregate to $171,835.16, and this amount, with the proceeds of the trust property, constituted the estate of Mrs. Lord, which was distributed to the legatees under her will. From this amount there was paid to Franklin B. Lord, a legatee, the sum of $8,227.63, upon which the surrogate has assessed a tax of $211.38; and to William B. Lord, a legatee, the sum of $4,113.81, upon which the surrogate has assessed a tax of $205.69; and Franklin B. Lord and William B. Lord appeal from the order of the surrogate imposing this tax.

The question is as to whether the property of Edward C. Lord, which was in this State at the death of Mrs. Lord, was subject to taxation as passing under the will of Mrs. Lord under the law in force at the time of her death. That law (Laws of 1885, chap. 483, § 1, as amd. by Laws of 1887, chap. 713, and Laws of 1891, chap. 215) provides: "After the passage of this act, all property which shall pass by will  *  *  *  from any person who may die seized or possessed of the same  *  *  *  if the decedent was not a resident of this State at the time of his death, which property or any part thereof shall be within this State  *  *  *  shall be and is subject to a tax at the rate hereinafter specified to be paid to the treasurer of the proper county and in the county of New York to the comptroller thereof for the use of the State; and all heirs, legatees, devisees, administrators, executors and trustees shall be liable for any

and all such taxes until the same shall have been paid as hereinafter directed."

The decedent in this case was not a resident of this State at the time of her death, and it was, therefore, only property which was actually within this State and which passed under her will that was subject to taxation; and the question is whether the property which her executors received as legatee of her husband and which passed under her will to these legatees was within this State at the time of her death. There can be no question but that certain personal property which belonged to her husband was at the time of his death within this State, and was not removed from this State until after the death of Mrs. Lord. Upon the death of Edward C. Lord, Mrs. Lord became entitled under his will as residuary legatee to all of his property, real and personal. As to the real property, that passed directly to her as a devise of the real estate. As to the personal property, the title to it vested in the executor, and the interest of the residuary legatee was, as stated in *Matter of Phipps* (77 Hun, 325; affd. on opinion below, 143 N. Y. 641, and quoted with approval in *Matter of Zefita, Countess de Rohan-Chabot*, 167 id. 280): "He had a right to claim the amount of money which his share of the residuary estate of Mrs. Fogg would result in, nothing more; no particular piece of property, no particular sum of money, no particular representatives of money or property. And until this residuary estate was ascertained by an accounting of the executors, the legatee might not be even able to maintain an action for its recovery. It would appear, therefore, that a tax in this proceeding has been levied upon a legacy which not only had never been realized, but the right to the possession of which had never accrued;" and this was the situation in relation to the testatrix's interest in the estate of Edward C. Lord at the time of her death. If this is a correct statement of the interest of Mrs. Lord in the personal property at the time of her death, it was a claim against the estate of a non-resident which could only be determined upon an accounting of the executors of that estate, and the amount subsequently received by the estate of the testatrix from the executor of that non-resident could not be said to be property within this State at the time of the death of the testatrix, irrespective of the location of the property which constituted the estate of the person

from whom the testatrix was entitled to receive the legacy. Neither the will of Edward C. Lord nor the will of Mrs. Lord was probated in this State. It was not necessary, to enforce the rights of the executors of Mrs. Lord against the estate of her husband, to come into this State. On the contrary, the courts of this State would have no jurisdiction over the foreign executors, without the proper probate of the wills in this State and the issuance of ancillary letters. In *Matter of Zefita, Countess de Rohan-Chabot (supra)*, the will of the testator from whom the property came was probated in this State, the testatrix being a resident here. The debtor estate being administered here the property of the debtor estate to which the residuary legatee was entitled was property within this State and thus taxable. As was said by Judge VANN in *Matter of Houdayer* (150 N. Y. 41): "A reasonable test in all cases, as it seems to me, is this: Where the right, whatever it may be, has a money value and can be owned and transferred, but cannot be enforced or converted into money against the will of the person owing the right without coming into this State, it is property within this State for the purposes of a succession tax."

If this is the crucial test it would seem that this claim against the estate of an executrix appointed in the State of New Jersey was never property within this State, no matter where the property was located which constituted the estate of Edward C. Lord. Under this decision, if Mr. Lord had been a resident of this State, or if a mode had been provided for assessing the value of his personal property at the time of his death, his personal property which was in this State would have been taxable. The right that Mrs. Lord had in his estate, however, was not a right to the particular personal property which Mr. Lord had, but a right to the balance of the proceeds of Mr. Lord's property after the payment of his debts and the expense of administration of his estate. That right at the death of Mrs. Lord was solely a claim against the executor of Mr. Lord's estate and was not, therefore, as I view it, property within this State at the time of the death of Mrs. Lord.

It follows, therefore, that the amount received by the executor of Mrs. Lord from the executor of Mr. Lord was not property within this State and not subject to taxation.

The order appealed from must, therefore, be reversed and the

matter remitted to the surrogate to deduct from the assessed value of these legacies the amount received by the executor of Mrs. Lord from the estate of Mr. Lord, with ten dollars costs and disbursements of this appeal to the appellant.

O'BRIEN, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed and matter remitted to surrogate, with ten dollars costs and disbursements of appeal to appellant.