(87 Misc. Rep. 525)

In re PENFOLD'S ESTATE.

(Surrogate's Court, New York County.   November 18, 1914.)

1. TAXATION (§ 895*)—TRANSFER TAXES—ASSESSMENT—TIME.

Transfer taxes must be assessed as of the time of the testator's death, and no reduction can be made for depreciation. between that time and the date of distribution.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

2. TAXATION (§ 895*)—TRANSFER TAXES—DEDUCTION.

Notwithstanding the testator directed that inheritance taxes assessed upon the legacies given should be discharged out of his residuary estate, no deduction from the assets of the estate in assessing local transfer taxes can be made for inheritance taxes imposed by foreign states upon the transfer of so much of the testator's estate as was subject to their laws.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

3. TAXATION (§ 895*)—TRANSFER TAXES—APPRAISAL.

Where testator, who was entitled to share in the estate of another decedent, died before distribution thereof, the value of the securities paid over to his executors for his share in such estate should be appraised at their value at that date, and not at the date of his death, for until distribution the testator was not entitled to any particular property, and his only interest was a chose in action.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

In the matter of the estate of William Hall Penfold.   On appeal from an order fixing transfer taxes.   Order affirmed.

Mitchell & Mitchell, of New York City (William Mitchell, of New York City, of counsel), for executors.

Edward F. Boyle, of New York City (Ellwood M. Rabenold, of New York City, of counsel), for State Comptroller.

FOWLER, S.   [1] The executors appeal from the order fixing tax, and allege that the appraiser erred in appraising certain securities constituting a part of the assets of decedent's estate at their value on the date of decedent's death.   In an affidavit submitted to the appraiser the executors allege that the value of these securities decreased between the date of decedent's death and the date of distribution among the legatees to the extent of $11,658.90.   The order appealed from assessed a tax upon the value of the securities as of the date of decedent's death.   For the reasons stated in my decision in the Matter of Josephine Penfold, 149 N. Y. Supp. 920, published herewith, the value of the securities on the date of decedent's death constitutes the basis of valuation upon which the transfer tax is imposed.   The appeal on this point is therefore disallowed.

[2] The executors also allege in their notice of appeal that the appraiser erred in refusing to deduct from the assets of the estate in this state the amount of inheritance taxes imposed by foreign states upon the transfer of so much of the estate as was subject to taxation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the foreign states. I had occasion to examine this question in the Matter of Penfold, 81 Misc. Rep. 598, 142 N. Y. Supp. 678. In that matter I stated that I was reluctantly forced to the conclusion that under the transfer tax statute and the decisions of the appellate court of this state the inheritance taxes paid to a foreign state are not a proper deduction from the assets of the estate in this state in ascertaining its value for the purpose of assessing a transfer tax under the provisions of our Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245).

The executors attempt to distinguish that matter from the matter under consideration by stating that the decedent in his will directs that inheritance taxes assessed upon the legacies given by him shall be paid out of his personal estate. The effect of this provision in the will is to increase the value of each legacy by the amount of the transfer tax imposed upon it. Such a provision in the will does not make the amount paid out of the residuary estate to the financial officers of foreign governments in satisfaction of inheritance taxes imposed upon the transfer of securities within their jurisdiction a proper deduction from the value of the estate in this state. It merely increases the value of the general legacies, while decreasing the value of the residuary estate. As the taxes on the legacies are paid out of the residuary estate, the order fixing tax, while technically defective, is substantially correct.

[3] The state comptroller appeals from the order upon the ground that the appraiser erred in his estimate of the value of the decedent's interest in his sister's estate. Josephine Penfold, the decedent's sister, died on the 3d of April, 1912. The decedent died on the 18th of September, 1912. At the time of his death his sister's estate had not been distributed; in fact, his share was not paid over to the executors of his estate until June 2, 1913. The state comptroller contends that the value of the securities which were finally paid over by the executors of the estate of Josephine Penfold to the executors of the estate of the decedent herein should be appraised at their value on the date of decedent's death. The securities which the decedent possessed at the date of his death were properly appraised at their value as of that date; but he did not possess any of the securities which were subsequently paid over to his executors by the executors of his sister's estate. He had an interest in his sister's estate, but he had no right to any particular stock or bond or other security constituting part of his sister's estate. His interest was a right to a share of the estate upon its distribution by the executors, but not a right to any particular stock, bond, or other security of the estate. It was a chose in action, and until it had been reduced to possession its value could not be definitely ascertained. It is true that its value for the purpose of the transfer tax was the value of the chose in action at the date of decedent's death; but this value was not the value upon that date of the particular securities which were subsequently paid by the executors of the estate of Josephine Penfold to the executors of his estate. The appraiser ascertained the value of the chose in action to be the value of the securities on the date upon which they were paid to the executors of decedent's estate. I am inclined to think that this method of valuation results in substantial justice to the state as well as to the legatee. While a strict adherence to tech-

nical procedure might require a more elaborate and abstruse method of calculating the value of such chose in action, I am satisfied that the method adopted by the appraiser is substantially correct.

The order fixing tax will be affirmed.