In the Matter of the Transfer Tax upon the Estate of WILLIAM H. PENFOLD, Deceased.

EDMUND PENFOLD et al., as Executors, et al., Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Tax — transfer tax imposed upon part of estate of decedent by foreign states cannot be allowed as deductions from tax in this state.

The transfer tax imposed upon portions of the estate of a decedent by the courts of other states in enforcing the statutes of such other states should not be allowed as deductions from the clear market value of the estate of such decedent under the Transfer Tax Laws of this state. (*Matter of Gihon*, 169 N. Y. 443, followed.)

*Matter of Penfold*, 1st Dept. May 21, 1915, affirmed.

(Argued September 30, 1915; decided November 16, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 21, 1915, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of William H. Penfold, deceased.

The facts, so far as material, are stated in the opinion.

*William Mitchell* for appellants. No part of the amount represented by the taxes paid and to be paid by the executors to foreign states on securities in which the decedent had invested his property formed any part of any value of the decedent's property passing to the beneficiary under his will; but, on the contrary, were necessarily deductions which had to be made owing to the manner in which the decedent had invested his property and which necessarily and unavoidably diminished its value or the beneficial interest therein of the beneficiary. These payments consequently cannot under the language of the statute be the subject of any tax herein. (*Canada Southern Ry. Co.* v. *Gebhard*, 109 U. S. 527; *Matter of Gihon*, 169 N. Y. 443.)

*Alexander Otis, Schuyler C. Carlton* and *Lafayette B. Gleason* for respondent. The inheritance taxes imposed upon the property in other states are not proper deductions. (*Matter of Gihon,* 169 N. Y. 443; *Matter of Daly,* 100 App. Div. 373; *Blackstone* v. *Miller,* 188 U. S. 187; McElroy on Inheritance Taxation [2d ed.], 506.)

CHASE, J. The principal question presented on this appeal is the same as the question presented on the appeal in *Matter of the Estate of Josephine Penfold,* deceased, the decision of which is handed down herewith. (*Matter of Penfold,* 216 N. Y. 163.) No further discussion of such question is required.

The appellant also claims that the transfer tax imposed upon portions of the estate of decedent by the courts of other states in enforcing the statutes of such other states should be allowed as deductions from the clear market value of the estate of the decedent under the Transfer Tax Laws of this state. The courts of this state have held against the appellants' contention and a further discussion of that question seems unnecessary. (*Matter of Gihon,* 169 N. Y. 443. See *Matter of Josephine Penfold,* 81 Misc. Rep. 598.)

The court in the *Gihon* case say that the answer to the arguments in favor of deducting the amount of the federal inheritance tax imposed under the War Revenue Act of June 13, 1898, is that "the full amount of the legacy is in law paid to the legatee and the deduction made from it and paid to the state or federal government is paid on account of the legatee from the legacy which he receives." (p. 448.)

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order affirmed.