Matter of the Estate of RAYMON GUITERAS, Deceased.

(Surrogate's Court, New York County, August, 1919.)

**Transfer tax — inheritance taxes paid to foreign states deducted from legacies — executors and administrators.**

> The amount of inheritance taxes paid to foreign states should be deducted from legacies taxed therein; where the order fixing the transfer tax does not specifically state the amount of tax on each legacy, the tax should be deducted from the interests of the respective legatees in proportion to the amount transferred to each taxable legatee. The question whether the tax imposed by section 221-b of the Tax Law should be deducted from the gross estate as an expense of administration or proportionately from the interests of the various legatees not passed upon.

APPLICATION for instructions by executors in an accounting proceeding.

Carter, Ledyard & Milburn (Herbert Smith, of counsel), for executors.

COHALAN, S. The executors have filed their account and ask that the court instruct them as to whether the inheritance taxes paid to foreign states and the tax imposed by section 221-b of the Tax Law of this state should, respectively, be deducted from the gross estate as an expense of administration, or proportionately from the interests of the various legatees. There does not appear to be any reported decision in this state in relation to the method of deducting inheritance taxes paid by a local executor or administrator to foreign states. In New Hampshire it has been decided that such taxes should be deducted as an expense of administration. *Kingsbury* v. *Bazeley,* 70 Atl. Repr.

916.   As the courts of this state have held that inheritance taxes paid to foreign states are not an expense of administration to be deducted from the gross estate (*Matter of Penfold,* 87 Misc. Rep. 525; affd., 216 N. Y. 171), this court cannot follow the decision of the New Hampshire court.   Neither is *Matter of Hamlin,* 226 N. Y. 407, which held that the federal inheritance tax should be deducted from the gross estate, authority for the contention that the inheritance taxes imposed by foreign states are to be deducted as an expense of administration, as the federal tax is an estate tax, and the inheritance taxes of the various states of the United States are succession taxes, or taxes upon the right to succeed to the property of a deceased person.   While it would probably simplify the preparation of the accounts of executors or administrators if foreign inheritance taxes were deducted as an expense of administration, such a method of deduction would scarcely be just to the residuary legatee.   The latter must, under the decision in *Matter of Hamlin, supra,* pay the federal inheritance tax, and, unless there is an express direction in the will, he should not also be compelled to pay inheritance taxes imposed by foreign states.   In practice it should not be difficult for an executor or administrator to determine the amount of foreign inheritance taxes to be paid by each legatee.   The tax statutes of the different states provide generally that the rate of tax or the right to exemption from taxation shall depend upon the value of the property transferred or the relationship of the beneficiary to the decedent.   The order assessing the tax usually determines the amount assessed against each legatee, and the executor or administrator may deduct from the legacy given to such legatee the amount of inheritance tax paid upon the transfer of the legacy in any foreign state, as well

as in this state. It seems to me, therefore, that the inheritance taxes paid to foreign states should be deducted from the legacies that are taxed in the foreign states, and not from the gross estate as an expense of administration. Where the taxing order or decree does not specifically state the amount of tax on each legacy, the tax should be deducted from the interests of the respective legatees in proportion to the amount transferred to each taxable legatee. As the constitutionality of chapter 700 of the Laws of 1917 in relation to the additional tax on investments has not been finally determined, it seems inadvisable at this time to decide whether such a tax should be deducted from the gross estate or proportionately from the shares of the legatees. In the matter under consideration there is no apparent need of such a decision at this time, as the executors intimate that they will reserve from present distribution an amount necessary to pay any tax imposed under section 221-b of the Tax Law until the constitutionality of the statute is finally determined. At that time, if the tax is assessable, the question of the method of its deduction may properly be presented to this court for determination.

Decreed accordingly.