Matter of the Estate of FRANCES T. LORD, Deceased.

(Surrogate's Court, New York County, June, 1920.)

Accounting — when objections to accounts will be sustained — executors and administrators — inheritance taxes — legacies — federal estate tax.

The federal estate tax should be charged to the estate, and objections to the accounts of executors who deducted from legacies a proportionate amount of the sum paid by them for such tax will be sustained. (P. 306.)

Inheritance taxes assessed in the states of Wisconsin, Minnesota and Kentucky and paid by the executors are properly deductible from legacies where such taxes were severally and specifically assessed in proper proceedings in such states. (P. 306.)

Taxes paid upon legacies in states where the tax is upon the right of succession of executors and not upon the legacy are not " inheritance, legacy or transfer taxes," directed by

the will ·to be paid from the residuary estate, and are not chargeable on the legacies or legatees.  (P. 307.)

Where legacies are charged upon real estate which the executors are authorized to sell or lease until sold, interest paid on pecuniary legacies is properly deducted from the income of the real estate.  (Pp. 307, 308.)

OBJECTIONS to executors' accounting.

Henry deForest Baldwin, for petitioners.

Courtlandt Nicoll, for certain respondents.

Shelton Pitney, for certain respondents.

Emmet, Marvin & Roosevelt (John F. Curran, of counsel), for New York Life Insurance and Trust Company.

Cadwalader, Wickersham & Taft (Francis Smyth and Laurence Millet, of counsel), for New York Association for Improving the Condition of the Poor.

Parsons, Closson & McIlvaine (Wm. E. Carnochan, of counsel), for Board of Home Missions of the Presbyterian Church of New York City Mission Society.

William E. Stiger, for Board of Foreign Missions of the Presbyterian Church in the U. S. A.

FOLEY, S.  Objections to executors' accounting.  The testatrix died a resident of this county and her will was probated here.  By the twenty-third paragraph of her will testatrix directed that " all inheritance, legacy or transfer taxes on the legacies given by the fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, four-teenth and fifteenth articles hereof shall be paid by

20

my executors out of my residuary estate." The account as filed charges to and deducts from the legacies given in the paragraphs of the will, other than those mentioned in the twenty-third paragraph, a proportionate amount of the sum paid by the executors for the federal estate tax. Objection is made to these deductions. These objections are sustained. The will does not, as the executors contend, indicate any intention on the part of testatrix to apportion the federal estate tax. The federal estate tax should have been charged to the estate. *Matter of Hamlin,* 226 N. Y. 407; *Matter of Wittman,* 112 Misc. Rep. 168; *New York Trust Co.* v. *Pross,* U. S. District Court, L. J., March 4, 1920.

Inheritance taxes assessed in other states were paid by the executors. In the accounts these taxes were deducted from the several legacies bequeathed by the paragraphs other than those enumerated in paragraph twenty-three; as to the tax assessed by the states of New Jersey and Utah, proportionately, and as to the tax assessed by the states of Wisconsin, Minnesota and Kentucky to the extent that such legacies were severally and specifically assessed in the proceedings in such states. Respecting the taxes assessed in Wisconsin, Minnesota and Kentucky, the accounts properly deduct the tax assessed against the several legacies. *Matter of Guiteras,* 108 Misc. Rep. 487. While this case is controlling on the last point, it does not apply to the taxes assessed in New Jersey and in Utah. In those states the legacies were not taxed. The tax assessed by the states of New Jersey and Utah was a tax upon the right of the foreign executors to succeed to the property having its *situs* in those states. The legacies from which the executors have deducted a proportionate amount of the tax assessed in New Jersey and Utah are general lega-

cies. They are not payable out of the property within the states of New Jersey or Utah and taxed therein. The tax assessed in New Jersey and Utah is not a legacy tax. It is a tax on the right of succession of the executors to the property having its *situs* in those states. These taxes were necessarily paid by the executors, and the payment by the executors merely reduced the amount of the property to be administered by them within this state. They are not " inheritance, legacy or transfer taxes on the legacies," as provided in the twenty-third paragraph of the will. These taxes are, therefore, chargeable, if not directly, at least ultimately on the residuary. They are not chargeable on the legacies or the legatees, as the will does not disclose such intention.

The objection raised by the New York Life Insurance and Trust Company regarding a mistake in the designation of that company in the accounts is sustained. The account should be corrected to read correctly.

The objection to the insufficiency of interest credited to the several trust funds set forth in Schedule L of the account is overruled. The executors were correct in deducting from the income of the estate interest paid on the pecuniary legacies. The will charges all the legacies on the real estate owned by testatrix. The executors are authorized to sell the real property to pay legacies and are given a wide discretion as to the time and terms of the sale. The will further provides that the payment of the legacies be postponed until the power of sale in the executors is exercised, and during this period the legacies should bear interest at the rate of (5) per cent " from the time when they become payable, but for this provision." The executors were also empowered to lease the real property until it be sold and to apply the income " to the payment of the fore-

going legacies." I think it plain that the testatrix intended the interest on the legacies to be paid out of the income, which by the express terms of the will was made applicable to the payment of the legacies themselves.

Decreed accordingly.