In the Matter of the Transfer Tax upon the Estate of ELLEN
SCULLY (orse ELLEN P. SCULLY) Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant;
STATE BANK OF CHICAGO, as Administrator, etc., of ELLEN
SCULLY, Deceased, Respondent.

First Department, July 1, 1921.

**Taxation — transfer tax — unverified petition in application for
exemption from transfer tax has no probative value — order for
exemption reversed and proceeding remitted to surrogate.**

Where a petition in proceedings for exemption from transfer tax is based
upon information and belief and does not state any of the sources of
information upon which the petitioner relies and is not sworn to, it has
no probative value in the absence of any affidavit, and an order granting
the exemption will be reversed and the proceeding remitted to the surrogate.

APPEAL by the Comptroller of the State of New York from
an order of the Surrogate's Court of the county of New York,
entered in the office of the clerk of said court on the 10th
day of March, 1921, declaring the estate of Ellen Scully exempt
from transfer tax.

*Lafayette B. Gleason,* for the appellant.

*Joseph F. McCloy,* for the respondent.

GREENBAUM, J.:

The proceedings for exemption were based upon a petition
made by the State Bank of Chicago, an Illinois corporation,
which recited that Ellen Scully died on the 25th day of March,
1920, a resident of Cook county, State of Illinois; that the
said Bank of Chicago was duly appointed administrator of
her estate by the Probate Court of Cook county; that she
was the widow of one John Scully, who died a resident of the
State of Illinois on the 25th day of January, 1920; just two
months before his widow died; that John Scully left a will
bequeathing his entire estate to his widow and that the said
Bank of Chicago was also administrator with the will annexed
of the said John Scully's estate; that among the assets of

the latter's estate were certain shares of stock of New York corporations which had been duly appraised and taxed as a part of his estate in proceedings in the Surrogate's Court of New York county in October and November, 1920.

Due notice of the application for exemption was given to the State Comptroller, who appeared in opposition, but filed no affidavits and offered no proof, nor made any claim in contradiction of the matters set forth in respondent's petition. Among other things the appellant contends that the petition has no probative value inasmuch as it appears that it is not verified. The appellant is technically correct in stating that there was no verification of the petition. It is signed by the " State Bank of Chicago, William C. Miller, Trust Officer," and following the signature we find instead of a verification an acknowledgment of the petition in the usual form appropriate to corporate acknowledgments. Since the petition is based upon information and belief without even stating any of the sources of information upon which the petitioner relies and is not sworn to, the question arises whether there was any legal proof before the court to warrant the order appealed from.

It is well settled that affidavits upon a motion of this kind are in the nature of testimony. (*Matter of Hyde*, 218 N. Y. 55.) But since no affidavit was submitted by the petitioner, the petition had no probative value. It seems to us that the proper course will be to reverse the order and remit the proceeding to the learned surrogate to enable him to appoint an appraiser to take proof as to the facts and report to the court.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed and proceeding remitted to Surrogate's Court for further action in accordance with opinion.