## In the Matter of the Estate of ELLEN SCULLY, Deceased.

Surrogate's Court, New York County, May, 1922.

**Transfer tax — non-resident decedent — when interest of deceased wife in estate of her deceased husband is not taxable.**

Where it appears that not until many months after the death of the decedent herein, a non-resident, who left no taxable property, was there any distribution of the assets of her deceased husband's estate, the value of her interest in the estate of her deceased husband is not taxable under section 220(2) of the Tax Law, and the application to have the same declared exempt from a transfer tax will be granted.

*Matter of Clinch*, 180 N. Y. 300, distinguished.

APPLICATION to declare an estate exempt from transfer tax.

*Joseph F. McCloy*, for. administrator.

*Lafayette B. Gleason* (*Schuyler C. Carlton*, of counsel), for state comptroller.

COHALAN, S. An application was heretofore made to declare the estate of a non-resident decedent exempt from the transfer tax. The motion was granted. N. Y. L. J. March 3, 1921. From the order entered on the decision an appeal was taken to the Appellate Division which reversed the order and remitted the proceeding to this court for the appointment of an appraiser to take proof as to the facts and make a report thereon. *Matter of Scully*, 197 App. Div. 639. The reversal was not on the merits.

The evidence submitted to the transfer tax appraiser shows the decedent was not entitled to the possession or ownership of the shares of stock in New York corporations which were part of her husband's estate. His debts still remained unpaid, transfer tax proceedings in this state had not been concluded and there was no distribution of the assets until many months after Mrs. Scully's death. The decedent had a claim against the administrator of her husband's

estate for the value of her interest. *Matter of Phipps*, 143 N. Y. 641, affg. 77 Hun, 325; *Matter of Zefita Countess de Rohan-Chabot*, 167 N. Y. 280; *Matter of Clinch*, 180 id. 300; *Matter of Lord*, 111 App. Div. 152; affd., 186 N. Y. 549; *Matter of Penfold*, 87 Misc. Rep. 525; affd., 216 N. Y. 171. The transfer of a debt or claim is not taxable in the estate of a non-resident decedent under the present statute. *Matter of Clinch, supra*, relied on by the state tax commission, was decided under an act providing for the taxation of the transfer of " property within this state " owned by a non-resident decedent. It was held in that case that a claim due a non-resident decedent from the estate of a resident was property within this state and, therefore, taxable. The law governing the imposition of the tax in the present case (Tax Law, § 220, subd. 2) specifies the classes of property taxable in the estate of a non-resident and does not mention debts, claims or choses in action.

The decedent left no taxable property, and the application to declare the estate exempt from transfer tax is granted. Submit order on notice.

Ordered accordingly.