In the Matter of the Estate of JENNIE L. LAIDLAW, Deceased.

Surrogate's Court, New York County, February 17, 1938.

*Hines, Rearick, Dorr & Hammond* [*E. P. Hammond* and *M. L. Heath* of counsel, for the petitioner, as executor, etc.

*Edgar Hirschberg*, for the State Tax Commission.

FOLEY, S. The question presented on this appeal by the executor from the order of November 8, 1937, fixing the tax, is the taxability in this State of the decedent's vested remainder interest in a trust under administration in Massachusetts. The determination of this question rests upon whether the decedent's interest had a situs for tax purposes in this State or only in the State of Massachusetts.

The testatrix died a resident of this county on June 9, 1936.

Her will was admitted to probate in this court. In it she disposed of her estate equally to her two children. Under the will of her brother, James M. Childs, who died a resident of Massachusetts in 1892, the decedent here had a vested remainder interest in one-half of a residuary trust. At her death the income from it was still being paid to the surviving life beneficiary, Anna E. Chamberlin. The trust consists of stocks and bonds of various corporations and a small amount of cash. Our testatrix possessed the right on the death of the life beneficiary and the consequent termination of the trust to enforce distribution of the fund. At the same time at her death she was the owner of a present right of property which might be assigned or conveyed by her in her lifetime or bequeathed by her will.

The courts in this State have frequently defined the nature of a remainder interest in its relation to inheritance taxation. Some of these decisions hold it to be a chose in action. The weight of opinion, however, is that the interest in the remainder is an interest in property. (*Matter of Huber*, 86 App. Div. 458, 463; *Matter of Wright*, 214 N. Y. 714, revg. 165 App. Div. 312; *Matter of Rutherford*, 171 id. 900; *Matter of Zefita*, 167 N. Y. 280; *Matter of Ely*, N. Y. L. J. March 22, 1924, p. 2245; affd., 215 App. Div. 764.) It may be assigned or conveyed by the remainderman in his lifetime or bequeathed by his will. *Matter of Huber* (*supra*) presented the simplest form of the problem of taxation of a vested remainder possessed by a resident decedent in a trust created by a resident testator. The life tenant of the trust, as in the present case, still survived at the death of the remainderman. Justice WOODWARD, writing for the court, sustained the present taxability of the transfer of the vested remainder interest, as diminished by the value of the life estate. " The decedent simply transferred all his property, and he had a property right in the estate of his father, by his *will* and the statute * * * provides that the tax shall be paid out of the property transferred. The mere fact that some of this property may be subject to a life estate, and that it may be in the hands of the trustees or executors charged with the duty of carrying out the trust, does not rob it of the character of property, or prevent its transfer by will, and it not being distinguished from the other property conveyed * * * it is no part of the duty of the courts * * * to deprive the State of its present revenues upon a portion of the property thus transferred."

The decisions in the other cases cited above must be read in the light of the taxing statute in effect at the death of the decedent. In some of them, under the former rule in New York the transfer of the interest of a non-resident decedent in a trust fund was held

taxable by reason of the taxable situs of such securities in this State, even where the orginal testator who established the trust was a non-resident. Other cases sustained the taxability of the passing of the remainder interest under the will of a resident remainderman in a trust established by a non-resident testator where the *res* was located in the foreign state. Under the terms of our Estate Tax Law, in effect at Mrs. Laidlaw's death, a chose in action or an interest in intangible property was specifically subject to levy as part of her gross estate. (Tax Law, § 249-r.) Unless the trust fund has a taxable situs outside of this State, unquestionably the maxim *mobilia sequuntur personam* can be applied, and the right of New York to levy upon the bequest by a will of one domiciled in this State of a remainder interest would not be violative of the Federal Constitution. (*Maguire* v. *Trefry*, 253 U. S. 12; *Kirtland* v. *Hotchkiss*, 100 id. 491; *Blodgett* v. *Silberman*, 277 id. 1; *Farmers Loan & Trust Co.* v. *Minnesota*, 280 id. 204; *First National Bank* v. *Maine*, 284 id. 312.)

The question thus arises, does the location of the trust property in a foreign state constitute a barrier to the assessment?

Upon this phase of the case there is indication even in the leading decision of *Safe Deposit & Trust Co.* v. *Virginia* (280 U. S. 83) that the constitutionality of a tax levied by the State of domicile of a beneficiary of a trust established in a foreign state within the possession of a trustee domiciled within that state, might be sustained. In the *Safe Deposit & Trust Co.* case the State of Virginia attempted to assess a property tax on a trust fund established by a Virginia resident with a Maryland trustee. The tax was sought to be imposed by Virginia directly against the foreign trustee and not against the interest of any specific beneficiary domiciled within her borders. There the problem of double taxation was involved. The right of Virginia to tax the trust *res* was denied by the Supreme Court. It was, however, specifically stated in the majority opinion in that case: " The power of Virginia to lay a tax upon the fair value of any interest in the securities actually owned by one of her resident citizens is not now presented for consideration. (See *Maguire* v. *Trefry, supra.*) " Moreover, it was stated by Mr. Justice STONE in his concurring opinion: " If the question were here I would not be prepared to go so far as to say that the equitable rights *in personam* of the beneficiaries of the trust might not have been taxed at the place of their domicile quite as much as a debt secured by a mortgage on land in another jurisdiction, notwithstanding the fact that the land is also taxed at its situs. * * * In neither case, if the threat of double taxation were controlling, which under the decisions it is not (citing

cases), would it seem that in any real sense is there double taxation, since the legal interests protected and taxed by the two taxing jurisdictions are different."

Despite these indications of open-mindedness in the *Safe Deposit & Trust Co.* case and the fact that no decision of the United States Supreme Court has been rendered since upon the exact point involved here, the surrogate is of the opinion that the recent decision of the Court of Appeals in *Matter of Brown* (274 N. Y. 10) is controlling. The reasoning and determination of the court in that case precludes the imposition of a tax upon a vested remainder interest owned by a New York resident in a trust located in a foreign State. It was there held that the provisions of our Tax Law were void and violated the Federal Constitution in so far as they attempted to tax the extinguishment of a right of revocation or modification reserved by a settlor of a trust established by her in Colorado. The desirable policy of the avoidance of double taxation was thereby accomplished since Colorado had already taxed the passing of the fund. It is true, as contended by the State Tax Commission, that the settlor in the *Brown* case possessed no pecuniary interest in the fund as a vested remainderman. It is also true that Massachusetts has not taxed and apparently will not tax the interest in our decedent's estate. Nevertheless, the broad language of the opinion of Judge RIPPEY plainly lifted the taxability of any transfer of any interest whatsoever in the foreign trust fund beyond the taxing power and authority of our State. He wrote that the trust estate had a fixed situs in Colorado and that the maxim *mobilia sequuntur personam* did not apply. He quoted from *Safe Deposit & Trust Company* v. *Virginia* (*supra*), that the latter maxim may not be carried always to its logical conclusion and where a general property tax or an inheritance tax was involved the "general rule must yield to established fact of legal ownership, actual presence and control elsewhere." Finally, it was stated in the *Brown* case that it "has also been authoritatively held that where the legal title to the *res* is vested in the trustee, jurisdiction to tax is at the domicile of the trustee where the trust is to be administered."

No indication of any reservation in favor of the taxability of a remainder interest owned by a resident of this State can be spelled out of these statements. They are not confined to the mere right of revocation of the settlor. They exclude every form of interest in the foreign trust fund from taxability in this State. They place such a foreign trust in the same exempt category as land or tangible personalty located in the foreign State. As long as this classification is adhered to, double taxation will be obviated.

In the face of these broad and definite pronouncements, the right of New York to tax a vested remainder interest in a foreign

trust cannot be sustained, even where that interest is owned by one of our residents and passes under her will by virtue of a privilege extended by the laws of our State.

The taxable situs of the trust fund in the estate of James M. Childs was, therefore, in the State of Massachusetts and the succession of the interest of the decedent in it is exempt. The appeal is sustained.

Submit order on notice accordingly.