In the Matter of the Accounting of GRACE E. HAMLIN et al., as Executors of MARY E. DANIELS, Deceased, Appellants.

CHAUNCEY J. HAMLIN, JR., et al., Appellants; MARY K. WELLINGTON, Individually and as Executrix of GRACE A. WELLINGTON, Deceased, et al., Respondents.

Statutory construction — Federal estate tax — historical and other facts connected with enactment of statute may be considered in construing and applying the statute — when Federal tax may be imposed upon transfer of net estate of a decedent — such tax is an " estate tax " payable by the estate rather than by the legatee.

1. As bearing upon the intention of the legislature of this state in the enactment of a statute such historical or other facts as are reasonably within the scope of judicial cognizance may be considered.   It is also permissible in an interpretation of an act of Congress to refer to the reports of a committee, including the bill as introduced, changes made in the frame of the bill in the course of its passage and statements made by the committee chairman in charge of it, under proper qualifications.

2. The act of Congress in force at the time of the death of the testatrix (Internal Revenue Law of September 8, 1916, chapter 463, designated under the title " Estate Tax."   6 U. S. Compiled Statutes, 1916, ch. 10A, p. 7364, § 6336½a, and following) imposes an " estate tax " as distinguished from an inheritance tax, and such tax is payable by the estate rather than by the legatees.

*Matter of Hamlin,* 185 App. Div. 153, affirmed.

(Argued April 7, 1919; decided May 20, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 22, 1918, which reversed, in so far as appealed from, a decree of the Erie County Surrogate's Court settling the accounts of the executors of Mary E. Daniels, deceased, and apportioning among the legatees the payment of the Federal estate tax.

The facts, so far as material, are stated in the opinion.

*John Lord O'Brian* for executors, appellants. The language of the statute imports an apportionment of the tax among legatees. (Federal Estate Tax Act, §§ 208, 209, 402, 408, 409.) Such *pro rata* apportionment is equitable. (*Matter of Sherman*, 179 App. Div. 497; *Matter of Bierstadt*, 178 App. Div. 836.) The *pro rata* apportionment is in line with general custom and brings the estate tax within the constitutional power of Congress. (*Matter of Becker*, 26 Misc. Rep. 633; *Scholey* v. *Rue*, 23 Wall. 331; *Matter of Brady*, N. Y. L. J. Jan. 11, 1919; *Matter of Douglas*, 104 Misc. Rep. 350; *Fuller* v. *Gale*, 103 Atl. Rep. 308; *Knowlton* v. *Moore*, 178 U. S. 41.)

*Richard L. Ball* for Chauncey J. Hamlin, Jr., et al., appellants. Inequality and injustice will be produced if the construction of the statute by the Appellate Division is affirmed. (*Knowlton* v. *Moore*, 178 U. S. 41.)

*Wilson M. Powell* for Society of the New York Hospital, *amicus curiœ*. The act itself provides that the right of transfer be taxed and that the sum total of the legacies shall be the measure of the tax. (Federal Estate Tax Act, § 201; *Smith* v. *Browning*, 225 N. Y. 363.) It is inequitable to charge the tax against the residuary legatee. (*Knowlton* v. *Moore*, 178 U. S. 77.) The tax should be a charge proportionately against all legacies. (*Fuller* v. *Gale*, 103 Atl. Rep. 308.)

*Paul Armitage* for Walter Douglas et al., *amici curiœ*. The act evinces the intention that the tax should be distributed among all the legatees alike. (*Knowlton* v. *Moore*, 178 U. S. 77.) It is inequitable to charge the tax against the residuary legatee. (*Knowlton* v. *Moore*, 178 U. S. 77.) The tax should be charged *pro rata* on all legacies. (*Matter of Douglas*, 104 Misc. Rep. 359; *Fuller* v. *Gale*, 103 Atl. Rep. 308; *Corbin* v. *Townshend*, 103 Atl. Rep. 647; *Bullard* v. *Redwood Library*, 91 Atl. Rep. 30.)

*George B. Wellington* for respondents. The surrogate erred in overruling the objections filed. The tax is not a legacy tax, but an estate tax. (Federal Estate Tax Act, §§ 201, 204, 205, 207; 39 U. S. Stat. at Large, 777; *Gribble* v. *Weber*, 1896, 1 Ch. 194; *Matter of Sherman*, 179 App. Div. 497.)

*M'Cready Sykes* for Jefferson B. Fletcher, *amicus curiæ*. Laws imposing estate taxes and laws imposing legacy or inheritance taxes are uniformly characterized by differences in the language used. The Federal act is plainly an estate tax law. (*Knowlton* v. *Moore*, 178 U. S. 41.)

HOGAN, J. Mary E. Daniels, a resident of Erie county, died January 3d, 1917, leaving a will executed July 8th, 1907, which will was admitted to probate on January 16th, 1917. The executors named therein duly qualified.

The testatrix, by her will, bequeathed to her daughter certain articles of personal property and made bequests of money to nine individuals aggregating one hundred sixty thousand dollars, amongst whom were George B., Mary and Grace Wellington, cousins, each of whom was given a legacy of $25,000. The residue and remainder of the estate was bequeathed and devised to trustees, for Grace E. Hamlin and Chauncey J. Hamlin, with remainder to the children of Chauncey J. Hamlin of whom there are three, all minors.

The executors of the will having paid to each of the legatees named in the will the amount of the legacies given them, after deducting from each legacy the amount of transfer or inheritance taxes, together with a proportionate amount of the Federal estate tax, on the 6th day of April, 1918, filed their account with the surrogate of Erie county.

The account disclosed, so far as the Federal tax is

involved, that the net estate of the testatrix taxable was $1,170,449.29; that the Federal tax as fixed thereon was $51,226.96 or .0437667% of the whole net estate; that the executors had deducted from each legacy on account of that tax.the stated percentum upon the amount of the legacy, thus upon a legacy of $25,000 the deduction was $1,094.17.

Objections were filed on behalf of the three legatees in the $25,000 class to such deduction made against each of them, upon the grounds (1) that said sum was not chargeable against them, but if chargeable should not exceed in amount $250 against each; (2) that under the act of Congress no apportionment of the Federal tax can be made, but that the whole thereof is payable by the executors out of the estate, but in the event that an apportionment is to be made, the method of apportionment applied is erroneous. The objections were overruled and a decree entered confirming the account of the executors.

From such part of the decree as approved, allowed and confirmed the action of the executors, in apportioning *pro rata* the Federal tax and dismissing the objections filed to the account, the respondents legatees appealed to the Appellate Division. The latter court reversed the decree of the surrogate so far as appealed from (185 App. Div. 153) and remitted the matter to the Surrogate's Court with directions to strike from the account the amount of the Federal tax charged against each of their legacies, the court unanimously holding that the tax was payable from the estate and the legacies were not chargeable with any part of the same.

The sole question presented for determination arises under the objections filed to the account of the executors, viz.: Was any portion of the Federal tax chargeable against the legacies of the respondents? If so, what proportion of the same.

The act of Congress in force at the time of the death

of the testatrix is contained in the Internal Revenue Law of September 8th, 1916, chapter 463, designated under the title " Estate Tax." (Chapter Ten A, vol. 6, United States Compiled Statutes, 1916, page 7364, section 6336½a, and following.)

Section 6336½b provides: " *Taxing percentages based on value of net estate.* A tax (hereinafter in this title referred to as the tax) equal to the following percentages of the value of the net estate to be determined as provided in section two hundred and three, (Sec. 6336½d) is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this Act * * *." Then follows a table of percentages, viz.: " One percentum of the amount of such net estate not in excess of $50,000," and eight several specific percentages, of the amounts by which such net estate exceeds a stated sum but does not exceed a sum mentioned and one additional rate, " ten percentum of the amount by which such net estate exceeds $5,000,000."

The act then provides the manner in which the value of the gross estate and the net value of the estate shall be determined. (Sections 6336½c, 6336½d.) The latter section in substance is as follows:

" *Net value of estate, how determined.* For the purpose of the tax the value of the net estate shall be determined (a) In the case of a resident, by deducting from the value of the gross estate (1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate * * * support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered; and (2) An exemption of $50,000."

The tax becomes due one year after a decedent's death. (Section 6336½e.) The executors were required

within thirty days after qualifying as such or after coming into possession of the property of decedent to give written notice to the collector of internal revenue of the district in which the testatrix was domiciled at the time of her death and file with him a return under oath setting forth the value of the gross estate, the deductions allowed under section 6336½d, the value of the net estate as determined under that section and tax paid or payable thereon. " The Commissioner of Internal Revenue shall make all assessments of the tax under the authority of, existing administrative special or general provisions of law relating to the assessment and collection of taxes," which provisions were by section 6336½l, made applicable to the estate tax law. Payment of the tax is required to be made by the executor to the collector or deputy collector of internal revenue. (Section 6336½h.)

In 1898 the Congress for the purpose of meeting existing conditions enacted a law known as the War Revenue Law (Act of Congress of June 13, 1898, chapter 448). That law imposed various taxes, amongst which was one under the heading " Legacies and Distributive Shares of Personal Property." (Sections 29, 30.) Section 29 of the law provided: " That any person or persons having in charge or trust as administrators, executors or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property as aforesaid shall exceed the sum of $10,000 in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws .of any State or Territory, or any personal property or interest therein, transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be. and hereby are, made subject to a

duty or tax, to be paid to the United States as follows, that is to say: Where the whole amount of said personal property shall exceed in value $10,000, and shall not exceed in value the sum of $25,000, the tax shall be." Then followed five classifications of beneficiaries, each varying in the rate of tax imposed, and a further provision of increase of rate of the tax dependent upon the amount or value of the property transferred. The validity and interpretation of the law of 1898 was the subject of consideration by the United States Supreme Court. (*Knowlton* v. *Moore*, 178 U. S. 41.) Mr. Justice WHITE, writing for the court, reviewed at length the history of laws imposing death duties, impost and excise taxes and various acts of the Congress in the enactment of revenue laws and fully treated of the distinction between a tax imposed on the whole personal estate and a tax laid upon legacies or distributive shares, concluding that under the law of 1898, the validity of which was sustained, the tax therein provided for was not upon the whole estate of a decedent but was one imposed upon particular legacies or distributive shares.

In 1916 when the Congress was again confronted with the necessity of providing revenue, we may assume that the framers of a proposed law would in the first instance recall the law of 1898, and the decision of the United States Supreme Court in the *Knowlton* case, to the end that any proposed legislation should be within constitutional limitations and consonant with the decision of the court. Had the Congress of 1916 intended to impose a tax upon legacies or distributive shares, the task would be lightened by practically following the act of 1898, as construed by the court, with any changes deemed advisable in the rate of the tax imposed. That the Congress did intend by the law of 1916 to impose a tax on the net value of the estate of a decedent at a flat rate dependent upon the amount of the same, rather than upon legatees or distributees, is evident by a comparison

of the act of 1916 with the act of 1898. In the latter statute the provision imposing the tax was embodied under a heading " Legacies and Distributive Shares of Personal Property." Under the act of 1916 the tax imposed is characterized as " Estate Tax." Under the statute of 1898 the tax was imposed upon legacies and distributive shares and " any 'interest which may have been transferred by deed, grant, bargain, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor to any person or persons." Then followed a provision enumerating several classes whereby the rate of the tax imposed varied, depending upon relationship or non-relationship between the decedent and the beneficiaries. Under the act of 1916 the tax is imposed upon the net value of the estate of a decedent as the same shall be determined as in the act provided. As to transfers, etc., made in contemplation of death, such transfers are to be included in the value of the gross estate and considered as a part of the same prior to the determination of the value of the net estate. The number of legatees, their relationship or non-relationship to a decedent, etc., does not enter into consideration in a determination of the value of the estate. The sole basis of taxation is the net value of the estate and the tax is determined upon the amount thereof.

As bearing upon the intention of the legislature of this state in the enactment of a statute we may consider such historical or other facts as are reasonably within the scope of judicial cognizance. (*People* v. *Charles Schweinler Press*, 214 N. Y. 395.) It is also permissible in an interpretation of an act of Congress to refer to the reports of a committee, including the bill as introduced, changes made in the frame of the bill in the course of its passage and statements made by the committee chairman in charge of it, under proper qualifications. (*United States* v. *St. Paul, M. & M. Ry. Co.*, 247 U. S. 310, 318.) Within the limitations of the rules prescribed, an examination

of the records of the Congress discloses the following facts: The House of Representatives' bill (No. 16763) was referred to the committee on ways and means, of which Mr. Kitchin was chairman. On July 5th, 1916, the committee on ways and means through its chairman reported the bill to the House of Representatives (Report No. 922, 64th Congress, 1st Session), and recommended that the bill do pass. The report of the committee under the heading " estate tax " reads: " Thirty states have laws imposing inheritance or share taxes both upon direct and collateral heirs. Twelve other states have laws imposing inheritance taxes upon collateral heirs. Your committee deemed it advisable to recommend a Federal estate tax upon the transfer of the net estate rather than upon the shares passing to heirs and distributees or devisees and legatees. The Federal estate tax recommended forms a well-balanced system of inheritance taxation as between the Federal Government and the various states, and the same can be readily administered with less conflict than a tax based upon the shares."

On July 6th, when the proposed measure was under consideration in the committee of the whole, while Mr. Kitchin, the chairman of the ways and means committee, was explaining the nature of the estate tax, he was asked by a member of the House if he recalled how the proposed tax rate compared with the inheritance tax rates in the state of New York, to which inquiry Mr. Kitchin replied: " No, I do not know. We levy an entirely different system of inheritance taxes. We levy the tax on the transfer of the flat or whole net estate. We do not follow the beneficiaries and see how much this one gets and that one gets, and what rate should be levied on lineal and what on collateral relations, but we simply levy on the net estate. This also prevents the Federal Government, through the Treasury Department, going into the courts contesting and construing wills and statutes of distribution."

Cn August 16th, while the bill (H. R. 16763), having passed the House of Representatives, was in the Senate, the committee on finance, through Senator Simmons, made a report thereon to the Senate in the course of which he stated: " The report of the Committee on Ways and Means of the House of Representatives states with such clearness, ability, and sufficiency the reasons for raising this additional revenue by impositions upon incomes, inheritances, and munitions of war that your committee contents itself with incorporating in its report that part of the report of the Ways and Means Committee dealing with this subject." Then follows under the head of " estate tax " the language already quoted from the report made by Mr. Kitchin from the committee on ways and means. (Senate report No. 793, part 1, 64th Congress, 1st Session.)

The Senate recommended additional classifications to those contained in the House bill, which were subsequently adopted and are found in the present act.

The plain intent and obvious meaning of the act of Congress under consideration, especially when considered in connection with the facts surrounding the enactment of the same, indicate clearly that the act imposes an " estate tax " as distinguished from an inheritance tax, that the tax is payable by the estate rather than by the legatees, as determined by the Appellate Division.

The appellants admit that the act does not contain an express direction as to how the estate tax shall be apportioned, but argue that the language of certain sections thereof and amendments disclose an intention that the tax should be apportioned *pro rata*. In support of the suggestion counsel cites section 6336½i, which reads: " If the tax herein imposed is not paid within sixty days after it is due, the collector shall, unless there is reasonable cause for further delay, commence appropriate proceedings in any court of the United States, in the

name of the United States, to subject the property of the decedent to be sold under the judgment or decree of the court. From the proceeds of such sale the amount of the tax, together with the costs and expenses of every description to be allowed by the court, shall be first paid, and the balance shall be deposited according to the order of the court, to be paid under its direction to the person entitled thereto. If the tax or any part thereof is paid by, or collected out of that part of the estate passing to or in the possession of, any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a *just and equitable contribution* by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for the payment of taxes, debts, or other charges against the estate, it being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution." Counsel submits that the words " just and equitable contribution," which words I have italicized, were intended to adopt a method for equitably apportioning the tax among all persons benefiting from the transfer of the estate, especially when construed in connection with section 6336½j, which reads: " Unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof shall be divested of such lien. If the decedent makes a transfer of, or creates a trust with respect to, any property in contemplation of or intended to take effect in possession or enjoyment at or after his death (except in the case of a

27

*bona fide* sale for a fair consideration in money or money's ·worth) and if the tax in respect thereto is not paid when due, the transferee or trustee shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of such transfer, shall be subject to a like lien equal to the amount of such tax. Any part of such property sold by such transferee or trustee to a *bona fide* purchaser for a fair consideration in money or money's worth shall be divested of the lien and a like lien shall then attach to all the property of such transferee or trustee, except any part sold to a *bona fide* purchaser for a fair consideration in money or money's worth."

To hold that the Congress by the language of the sections referred to intended by implication to provide that the tax imposed by the act was one upon legacies, the tax to be paid by legatees, would not only violate the clearly expressed intention of the Congress, but require us to ignore the historical facts surrounding consideration of the measure by the Congress. When the Congress provided that the tax was imposed upon the value of the net estate, the manner in which said value should be determined, and that the executor should pay the tax, and in section 6336½i, ·above quoted, said "it being the purpose and intent of this *title* that so far as is practicable and unless otherwise directed by the will of the· decedent the tax shall be paid out of the estate before its distribution," the conclusion is inevitable that the tax was not imposed on legacies, the tax to be paid by the legatees rather than by the executor out of the estate before distribution. Had the Congress desired to provide for an apportionment of a tax amongst legatees it might readily have used language adopted by that body in 1901 (U. S. Statutes at Large, vol. 39, chapter 806, section 11) when it amended section 30 of the act of 1898 reviewed in the *Knowlton Case* (*infra*) by adding thereto: " Any tax paid under the provisions of sections 29 and 30

shall be deducted from the particular legacy or distributive share on account of which the same is charged," or as provided in our statute that the executor shall deduct the tax on a legacy or distributive share.

Dissenting, as we do, from the argument of counsel for appellants in his application of the sections quoted, it would not be profitable to analyze the sections at length. As stated by Mr. Kitchin, chairman of the ways and means committee, the basis of the tax " prevents the Federal Government through the Treasury Department, going into the courts contesting and construing wills and statutes of distribution." Much might be written upon the application of the sections quoted, as to the intention of the Congress to insure the payment of the tax, the administrative features of the sections and cases illustrated where the sections would or would not apply, but such questions are not before us in this case, and discussion thereof should be avoided until such time as a case involving the same is presented.

Counsel for appellants also calls attention to amendments made to the law of 1916 by the act of Congress of February, 1919, which in effect provide that the value of the gross estate of the decedent shall include " to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess of $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life " (Section 6336½c, new section 402); also amendment to section 6336½j, new section 408, which provides: " If any part of the gross estate consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary *other* than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds in excess of $40,000, of such policies bear to the *net estate*. If there is more than one such beneficiary the executor shall be entitled to

recover from such beneficiaries in the same ratio," and submits that thereby the Congress required the beneficiaries of insurance policies and of transfers made in contemplation of death to pay a tax on their respective interests, computed on the basis of the whole net estate, while under the decision of the Appellate Division in the case at bar all general legatees would receive their legacies in full. Counsel in his brief expressed doubt as to the constitutionality of such amendment, but such question is not before us and reference is made to the same only as bearing upon the intention of the act of 1916. Viewed from that standpoint the conclusions already expressed as to the act of 1916 remain unchanged.

I have not deemed it necessary to refer to the power of the Congress to enact the law under consideration. To one interested in such question the careful and exhaustive opinion of Mr. Justice WHITE in the *Knowlton Case* (*supra*) will be of interest. As to the equity of requiring payment of the tax by the residuary legatees and relieving the remaining legatees from any contribution to the same the question is susceptible of conflict of opinion. The Congress has spoken and it is our function to interpret, not to legislate.

The order of the Appellate Division should be affirmed, with costs payable out of the estate.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.