Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiffs to recover from the United States the sum of $19,749.55, with interest thereon from February 26, 1928, until paid.
The Burton-Richards Co. was a corporation organized under the laws of the State of Delaware on August 18, 1915, with its principal office at Wilmington, Del., and its principal place of business at Cleveland, Ohio. Its business was the manufacture and sale of explosives for use as munitions of war. The corporation carried on its business during the World War, and filed its certificate of dissolution in the office. of vthe secretary of state of Delaware on April 28, 1920, and a certificate of dissolution of said corporation was issued by the secretary of state of Delaware, and was filed in the office -of the recorder of deeds of New Castle County, Del., where the principal office of said corporation was located.
*112 Thereafter all the assets of the corporation remaining after the payment of its debts and expenses were converted into money and disbursed to its stockholders.
Under the laws of the State of Delaware the directors of this corporation at the time of its dissolution became and remained as trustees in dissolution, and at the time of the said dissolution the plaintiffs were its directors, and as such trustees have the right to sue for and collect debts due said corporation.
During the life of the corporation, and while it was engaged in carrying on its business, it regularly paid the taxes which were levied upon it by the United States; and when it made its return to the officers of the United States for its income tax for the year 1917 it deducted from its income for the year 1917 the sum of $112,419.54 which was the amount of the munitions tax paid by it for the year 1916. The said sum was paid by said corporation as follows: $86,-541.95 on May 14, 1917, and the residue thereof later in year 1917 after the Commissioner of Internal Revenue of the United States had made a reexamination and determined that the munitions tax of said corporation for the year 1916 should be increased from $86,541.95 to $112,419.54.
On September 23,1922, more than two years after the corporation had been dissolved the revenue agent in charge at Cleveland, Ohio, advised the corporation that its munitions tax in the amount of $112,419.54 had been erroneously deducted by the corporation from its income for the year 1917 and must be restored to its income for that year. The said internal revenue agent advised the corporation that a deduction of the said $112,419.54 representing munition taxes for the year 1916 must be taken as a deduction from the income for the year 1916, and not for the year 1917; that upon a reaudit of the return of the said corporation for the year 1917 based upon the report of the revenue agent the Commissioner of Internal Revenue had disallowed the deduction of said muntion tax in the sum of $112,419.54 from its income for the year 1917, and on November 23,1922, assessed an additional tax of $19,749.55 against said coloration; and on. February 26, 1923, the plaintiffs paid the said sum of $19,749.55 under protest.
*113 The revenue act of 1916, 39 Stat. 756, provides, among other things:
“ Seo. 302. That in computing net profits under the provisions of this title for the purpose of the tax there shall be allowed as deductions from the gross amount received or accrued for the taxable year from the sale or disposition of such articles manufactured within the United States the following items: * * * (d) Taxes of all kinds paid during the taxable year with respect to the business or property relating to the manufacture; * *
In section 12 of the same act, which provides for deductions in the case of corporations, it is provided that deductions shall be made for “ taxes paid within the year imposed by the authority of the United States, or its Territories, or possessions, or any foreign country, or under the authority of any State, county,' school district, or municipality or other taxing subdivision of any State, not including those assessed against local benefits.” 39 Stat. 769.
It is not denied that this corporation during the taxable year 1917 paid a munition tax amounting to the sum of $112,419.54. When- it made its income-tax return for the year 1917 it deducted that amount from the gross amount received; that is, the munition tax of $112,419.54, which it had paid during the year 1917. It is admitted that the corporation had the right to this deduction at some time. The Commissioner of Internal Eevenue allowed the deduction to be made for the year 1917, but afterwards for some reason which is not apparent reaudited the return of this corporation for the year 1917, and held that the $112,419.54 should have been deducted from income for the year 1916, and assessed an additional tax of $19,749.55 against the corporation for the year 1917. The effect of this action of the commissioner was to deprive the corporation of the deduction to which it was entitled by law not only for the year 1917 but also for the year 1916.
It is manifest that the munitions tax, which was measured by the 1916 income of this corporation, became due and payable, and was in fact paid, in the year 1917. It is therefore a proper deduction in its income-tax return for 1917 under the provisions of the revenue act of 1916, supra. The tax *114 paid by the corporation for the year 1916 did not accrue until it became due and payable. It did not become due and payable until 1911, and was then paid. When the corporation made its return of 1917 income it had the right, conferred, upon it by law, to deduct the taxes paid by it during -the taxable year, which was the year 1917. The plaintiffs are entitled to the refund of $19,749.55, with interest from February 26, 1923, until paid, as this sum was erroneously assessed against the corporation by the action of the Commissioner of Internal Revenue in depriving it of the deduction to which it was by law entitled. United States v. Woodward et al., 256 U. S. 632; Woodward et al. v. United States, 56 C. Cls. 133, 156.
Geaham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.