JAMES B. WALLER, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6902. Promulgated October 22, 1927.

Federal estate tax paid by a devisee to prevent sale of real estate is not deductible from the income of such devisee.

*Wheaton Augur, Esq.*, for the petitioner.
*Arthur H. Fast, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income taxes for the calendar years 1919, 1920, and 1921, in the total amount of $5,162.62. At the hearing petitioner waived the allegation of error as to depreciation, leaving in issue only the propriety of the disallowance as a deduction from income for the year 1921 of the amount of estate tax paid by the petitioner on account of the estate of his father.

### FINDINGS OF FACT.

Petitioner is an individual residing at Chicago, Ill. His father, James B. Waller, Sr., died August 3, 1920, leaving a last will and testament in and by which he divided all his property in shares approximately but not exactly equal, to his son, the taxpayer, and to a daughter, Mrs. Ellen Waller Borden, and in which the taxpayer was appointed executor. The estate consisted of real estate valued at $913,031 and personal property valued at $59,420.60. Liabilities of the estate, exclusive of estate and inheritance taxes, amounted to $75,889.02. State inheritance taxes and the Federal estate tax increased the total liabilities of the estate to an amount in excess of the personal property by $68,901.58. This excess was paid by the two devisees to prevent sale of the real estate.

Among the items of personal property in the estate was approximately $20,000 of United States Liberty bonds, which were used in partial payment of the Federal estate tax, the balance being paid in cash. The deduction in the sum of $16,270.24 taken by the taxpayer represents his share of the apportionment of the estate tax

between himself and his sister, computed as nearly as possible in proportion to the share which each took in the total estate. Both taxpayer and his sister received net income from the real estate devised to them sufficient to pay all such excess.

OPINION.

ARUNDELL: The petitioner says that being the devisee of real estate he represents the estate as to such property and as he paid the estate tax he is entitled to a deduction therefor from his income. His proposition is based upon the law of Illinois, which we understand is the law generally, that real estate passes direct to the devisee and not through the hands of the executor.

If the Federal estate tax were imposed on the right of a devisee to receive property or on the interest to which he succeeds there might be some merit to the contention made. But it is not such a tax. In the recent case of *Nichols* v. *Coolidge*, 274 U. S. 531; 47 S. Ct. 710; 6 Am. Fed. Tax Rep. 6758, the estate tax is thus described:

*Y. M. C. A.* v. *Davis* (264 U. S. 47, 50) says of this tax: "What was being imposed here (act February 24, 1919) was an excise upon the transfer of an estate upon death of the owner." *Edwards* v. *Slocum* (264 U. S. 61, 62), "this is not a tax upon a residue, it is a tax upon a transfer of his net estate by a decedent, a distinction marked by the words that we have quoted from the statute, and previously commented upon at length in *Knowlton* v. *Moore* (178 U. S. 41, 49, 77). It comes into existence before and is independent of the receipt of the property by the legatee. It taxes, as Hanson, Death Duties, puts it in a passage cited in 178 U. S. 49, 'not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death.'"

In the case of *United States* v. *Woodward*, 256 U. S. 632, it is said of the tax that "it is made a charge on the estate and is to be paid out of it by the administrator or executor substantially as other taxes and charges are paid. * * * It does not segregate any part of the estate from the rest and keep it from passing to the administrator or executor for purpose of administration * * * but is made a general charge of the gross estate and is to be paid in money out of any available funds, or, if there be none, by converting other property into money for the purpose."

Nowhere in the taxing act is there anything imposing an estate tax on the devisee or on the property devised. True, the tax becomes a lien on the estate but that is merely a means of safeguarding the collection of the revenue. *Hampton's Administrator* v. *Hampton*, 188 Ky. 199; 221 S. W. 496; 4 Am. Fed. Tax Rep. 4877. Should the devisee by reason of any circumstances pay the tax in his individual capacity the law provides that he shall be reimbursed out of any

undistributed part of the estate or by contribution of those whose interest would have been reduced by payment before distribution or whose interest is subject to a lien for the tax. Section 408, Revenue Act of 1918.

Petitioner's argument as we have said above is predicated on the law of Illinois under which real estate passes directly to the devisee. The law of that State does not, in so far as we know, nor is it so claimed by the petitioner, exempt real estate from being subject to charges against a decedent's estate. Even if there were no provisions in the State law authorizing the sale of real estate for the payment of the tax, such property would nevertheless be included in the gross estate for Federal tax purposes. *Steedman* v. *United States*, 63 Ct. Cls. 226, decided February 28, 1927. But the law of Illinois makes specific provision for the sale by an executor or administrator to pay claims against the estate. See ch. 3, sec. 99 et seq., Callaghan's 1924 Illinois Statutes.

The nature of the Federal estate tax imposed by the Revenue Act of 1916 is considered in the case of *In re Hamlin*, 226 N. Y., 407; 124 N. E. 4. The legislative history of that Act as set out there is illuminating. We quote from the court's opinion:

The House of Representatives' bill (No. 16763) was referred to the committee on ways and means, of which Mr. Kitchin was chairman. On July 5, 1916, the committee on ways and means through its chairman reported the bill to the House of Representatives (Report No. 922, 64th Congress, 1st Session), and recommended that the bill do pass. The report of the committee under the heading "Estate Tax" reads:

"Thirty states have laws imposing inheritance or share taxes both upon direct and collateral heirs. Twelve other states have laws imposing inheritance taxes upon collateral heirs. Your committee deemed it advisable to recommend a Federal estate tax upon the transfer of the net estate rather than upon the shares passing to heirs and distributees or devisees and legatees. The Federal estate tax recommended forms a well balanced system of inheritance taxation as between the Federal Government and the various states, and the same can be readily administered with less conflict than a tax based upon the shares."

On July 6th, when the proposed measure was under consideration in the committee of the whole, while Mr. Kitchin, the chairman of the ways and means committee, was explaining the nature of the estate tax, he was asked by a member of the House if he recalled how the proposed tax rate compared with the inheritance tax rates in the state of New York, to which inquiry Mr. Kitchin replied:

"No, I do not know. We levy an entirely different system of inheritance taxes. We levy the tax on the transfer of the flat or whole net estate. We do not follow the beneficiaries and see how much this one gets and that one gets, and what rates should be levied on lineal and what on collateral relations, but we simply levy on the net estate. This also prevents the Federal Government, through the Treasury Department, going into the courts contesting and construing wills and statutes of distribution."

The basic plan of the statute with respect to payment is set forth in section 408 of the Revenue Act of 1921, in the following words:

* * * It being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution.

The statute makes no distinction between real and personal property passing upon the death of a decedent. Neither class of property, as said above, is subject to tax and both must be included in the return of the estate as forming the measure of the tax. In view of the failure of the statute to distinguish between the two great classes of property, legatees and devisees might equally lay claim to a deduction for the estate tax. That legatees can not do so is settled by *Y. M. C. A.* v. *Davis* and *Edwards* v. *Slocum* quoted above. We fail to see, in view of the plainly expressed purpose of the estate-tax act, wherein a claim for deduction by a devisee is any more tenable than that of a legatee.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LANSDON and STERNHAGEN.