In the Matter of the Accounting of ARTHUR K. BOURNE et al., as Trustees under Deed of Trust Made by FREDERICK G. BOURNE, Deceased.

Supreme Court, Special Term, New York County, April 3, 1950.

*Winthrop, Stimson, Putnam & Roberts* for trustees, petitioners.

*Reynolds, Richards & McCutcheon* for Alfred S. Bourne, respondent.

*Stewart & Shearer* for United States Trust Company of New York, as guardian ad litem of William L. Hard, respondent.

*Jackson, Nash, Brophy, Barringer & Brooks* for Florence B. Deans, respondent.

*Emil Morosini, Jr.,* for May B. Strassburger and another, respondents.

*James H. Purdy* for Patricia B. Elbert, respondent.

*Newman & Bisco* for Helen W. Choate, respondent.

*George R. Walker,* as guardian ad litem of Arthur B. Choate.

*Arthur G. Klein,* as guardian ad litem of Stephen H. Bourne.

STEUER, J. On May 1, 1914, Frederick G. Bourne, now deceased, executed a deed of trust. The trustees now seek settlement of their intermediate account. No issue in respect to the accounting has been raised but the trustees ask for instructions and there is diversity of views among the various interested persons as to what instructions are appropriate.

The corpus of the trust consists of shares of stock in the Singer Manufacturing Co., Ltd., a British corporation. The deed of trust provides that the income shall be paid to the settlor during his lifetime and after his death to be divided equally among such of his issue as survive him; and that if any child die during the continuance of the trust leaving issue, to that issue per stirpes. The settlor died leaving seven children surviving him. On May 1, 1945, George J. Bourne, one of the beneficiaries, died leaving surviving his daughter, Helen Whitney Choate. On his death the British Government asserted a tax on the interest that he had in one seventh of the stock in the estate. The trustees, after due consideration, paid the tax. No one does or reasonably can complain of their having done so. Also, in connection with their deliberations and the payment, they incurred certain expenses. As to the propriety, necessity and extent of these, there is also no complaint. The effect of these payments is to diminish the corpus of the estate.

The question presented is whether, in future apportionments of income and in the eventual distribution of the principal, the trustees are to regard the entire estate as so diminished or that portion of it from which George Bourne formerly received income. Actually, the taxes and expenses were met by selling a part of the shares composing the corpus. So the question is, should the present beneficiaries share equally in all the income or should Mrs. Choate's income be limited to that produced by one seventh of the original number of shares less the number sold to meet the charges.

It is elementary that the answer to this question is whatever the settlor intended it should be. The instrument gives no hint that the situation was ever contemplated and it would be most remarkable if it had been. The tax in question is entirely without counterpart in our law and the theory of it is repugnant to our statutes.

The general scheme of the trust is somewhat unusual. It bears a very distinct relationship to the corpus. The trustees may not sell the stock without consent of a majority of the beneficiaries. And if that is done to the extent of the stock sold, the trust terminates, and the principal so realized is to be distributed. It would appear from this that the character of the trust as a single entity is emphasized and the beneficiaries are intended to receive their shares on the distribution dates as participants in a general fund resulting from the income of all the stock rather than as the beneficiaries of any particular shares. To this extent the intent of the testator may be deduced. Admittedly, the deduction is not conclusive.

As regards the law, in the sense that in the absence of direction the settlor is presumed to have in mind that apportionment will or will not be made in compliance with it, there is no express provision in our statutes or case law. In England it has been held that the tax is payable from the share of the beneficiary affected (*Betts Brown's Trustees* v. *Whately Smith*, [1941] Sess. Cas. 69). The reasoning is that according to statute the property itself is primarily liable to the tax, and in theory it is the property reduced by the tax that comes to the new beneficiary, and that this should remain so, even though the property in fact never leaves the hands of the trustee. The English court recognizes that the tax should be borne by the entire estate if the settlor so directs, but an intent to so direct is not easily found, short of explicit direction, because presumably a settlor made his provisions in the light of the existing law.

As regards our own taxes or those of the Federal Government, section 124 of the Decedent Estate Law provides for equitable proration of taxes but makes an exception in the case of a trust. It provides that, as far as a trust is concerned, any death tax is payable out of the corpus without apportionment between life tenants and remaindermen. But, here again, it is clear that the statute does not contemplate a tax comparable to that here involved and where the apportionment would not lie between life tenants and remaindermen but between the various life tenants. It should also be considered that where a fiduciary is required to pay a foreign tax in order to reduce property of the estate to possession that tax is an administration charge on the general estate rather than against the particular property. (*Matter of Halle,* 183 Misc. 858; *Matter of Hastings,* 183 Misc. 520.)

Prior to the enactment of our statute in regard to apportionment we did not apportion taxes but they were paid out of the general estate (*Farmers' Loan & Trust Co.* v. *Winthrop,* 238 N. Y. 488; *Matter of Hamlin,* 226 N. Y. 407), and the statute referring in terms specifically only to local taxes would not change this situation as regards a foreign tax.

It follows that whether the settlor's intent is deduced from the instrument or presumed to be in accordance with the existing directions of law, the result would be the same and apportionment would not be called for. In this conclusion there is no distinction between the tax paid and the expenses incidental to paying it. The trustees are instructed accordingly.

No objection has been made to any of the fees requested but services of like character and importance merit equal compensation. Attorneys for the trustees (whose compensation, unlike the others covers services in addition to those made necessary by this application) $6,500 plus disbursements of $237.88; to the attorneys for respondent Choate $1,250; to attorneys for the other life beneficiaries who appeared namely Bourne, Strassburger and Elbert $1,000 each; to the guardians ad litem for the infants Hard, Bourne and Choate $750 each.

Settle order accordingly.